STAIR et al., Appellants,

v.

PHOENIX PRESENTATIONS, INC., Appellee.

[Cite as *Stair v. Phoenix Presentations, Inc.* (1996), 116 Ohio App.3d 500.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA96-06-114.

Decided Dec. 23, 1996.

502

*Meizlish & Grayson* and *Bruce H. Meizlish,* for appellant.

*Thompson, Hine & Flory* and *Peter E. Tamborski,* for appellee.

---

WALSH, Presiding Judge.

Plaintiffs-appellants, William Stair and Tony Miller, appeal a decision of the Butler County Court of Common Pleas which granted summary judgment in favor of defendant-appellee, Phoenix Presentations, Inc. ("Phoenix") in an age discrimination case.

Appellants are former employees of Phoenix, an Ohio corporation whose business involves the design, manufacture, installation, and refurbishment of exhibits used at trade shows and conventions. Phoenix employs a diverse group of skilled workers who perform a variety of duties.

The exhibit industry in which Phoenix competes is a seasonal one which revolves around trade show and convention business cycles. Phoenix is normally busy during the winter, but experiences a decrease in business during the summer, consistent with the trade show industry.

In early 1995, Phoenix was anticipating the receipt of two large construction contracts, although neither client had committed to hire Phoenix. Phoenix did not have any new construction orders at that time and its employees were kept busy by completing miscellaneous tasks unrelated to their normal work duties. Because business was slow, Phoenix management decided to lay off several employees until business improved.

On February 20, 1995, Phoenix laid off eleven employees. Among those laid off were Stair and Miller. Stair, who was sixty years old at the time of the layoff, was hired by Phoenix in 1988, when he was fifty-three. Stair was employed in the warehouse/shipping and receiving department. Miller, who was fifty-five years old at the time of the layoff, was hired by Phoenix in 1991 when he was fifty-one. Miller was employed as a refurbishment carpenter.[1]

A short time after the February 1995 layoff, Phoenix obtained a contract for one of the large construction jobs that it had anticipated earlier. The job was classified as a new construction order that involved the construction of trade show exhibits. At that time, Phoenix recalled three bench carpenters[2] and one carpentry helper. Soon thereafter, Phoenix recalled another bench carpenter and, later, a painter. Several months later, Phoenix recalled another helper and

---

1. A refurbishment carpenter retrieves exhibits from storage and refurbishes or repairs them, if necessary.

2. Bench carpenters are primarily responsible for new construction as opposed to refurbishment.

a machinist. Stair and Miller were not among the employees who were recalled by Phoenix as of August 1995. Phoenix did not hire any new employees during the layoff period.

On August 16, 1995, Stair and Miller filed a complaint against Phoenix, alleging that they had been discriminated against because of their age since they were the oldest Phoenix employees who were laid off and not recalled. When business increased in September 1995, Phoenix recalled Stair, but he declined to return to work. Miller was recalled in November 1995, but he also declined to return to Phoenix.

Discovery was conducted and several depositions were taken. On March 22, 1996, Phoenix filed a motion for summary judgment. The trial court granted the motion in an opinion and order of judgment filed on May 16, 1996. It is from this judgment that appellants now appeal, setting forth the following assignments of error:

"Assignment of Error No. 1:

"The trial court erred in granting Defendant–Appellee's Motion for Summary Judgment by concluding that the statements demonstrating age bias did not rise to the level of direct evidence of age discrimination.

"Assignment of Error No. 2:

"The trial court erred in granting Defendant–Appellee's Motion for Summary Judgment by ignoring substantial indirect evidence of age discrimination.

"Assignment of Error No. 3:

"The trial court erred in granting Defendant–Appellee's Motion for Summary Judgment by deciding numerous genuine issues of material fact which can only be decided by the fact finder at trial.

"Assignment of Error No. 4:

"The trial court erred in rejecting Appellants' statistical evidence of discrimination."

In their first assignment of error, appellants contend that the trial court erred by granting Phoenix's motion for summary judgment and by concluding that there was no direct evidence of age discrimination.

Summary judgment is appropriate where (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds construing the evidence in favor of the nonmoving party could reach but one conclusion, which is adverse to the nonmoving party. *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, 883–884; Civ.R. 56(C). "A motion for summary judgment forces the

nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial." *Wing v. Anchor Media, Ltd.* (1991), 59 Ohio St.3d 108, 111, 570 N.E.2d 1095,, 1099, citing *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 322–323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 273–274. Thus, in response to a properly supported motion for summary judgment, the nonmoving party must set forth specific facts which demonstrate that there is a genuine issue of material fact for trial in order to avoid summary judgment. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 273–274; Civ.R. 56(E).

■■ R.C. 4112.02(A) states that it is an unlawful discriminatory practice for an employer to discriminate against an employee or potential employee on the basis of that person's age. With respect to an action brought pursuant to R.C. 4112.02(A), a party can support a claim of age discrimination by presenting either direct or indirect evidence of such discrimination. *Kohmescher v. Kroger Co.* (1991), 61 Ohio St.3d 501, 505, 575 N.E.2d 439, 442–443.[3] Within the context of direct evidence, "isolated and ambiguous statements * * * are too abstract, in addition to being irrelevant and prejudicial, to support a finding of age discrimination." *LaPointe v. United Autoworkers Local 600* (C.A.6, 1993), 8 F.3d 376, 380, quoting *Gagne v. Northwestern Natl. Ins. Co.* (C.A.6, 1989), 881 F.2d 309, 314.

■ Appellants testified in their depositions that they believe that they were discriminated against on the basis of their age because they are two of the three oldest employees who were laid off and not recalled by Phoenix.[4] As direct evidence of age discrimination, Stair testified regarding an incident where an officer of Phoenix made an age-based remark toward him. Specifically, Stair stated that on one occasion before he was laid off, he and another employee, Bob Gehres, were talking or may have been "fooling around" in the hallway at work. Stair related that Ray Steinher, Phoenix's managing partner, walked by and said, referring to Stair, "Don't hit him, Bob, he's an old man. He's nothing but an old man." Stair testified that he did not reply to Steinher's comment, but told Gehres that "I think I'm in better shape than he is."

Stair further testified that he is not aware of any other age-related comments or actions made by Phoenix officials which would indicate that he was laid off

---

3. We note that many of the cases discussed in this opinion, including *Kohmescher*, address R.C. 4101.17, which has been renumbered as R.C. 4112.14 and contains language similar to that found in R.C. 4112.02, pursuant to which appellants bring their claim.

4. The third-oldest employee, other than management or supervisory personnel, was Art Mefford, who was fifty-five years old at the time of the layoff. The record indicates that Mefford was not recalled by appellee. However, the record also indicates that approximately one month after the layoff, Mefford informed Phoenix that he had accepted other employment and was removed from the list of employees eligible for recall.

because of his age. In fact, Stair testified that Phoenix informed him that he was laid off because the company was experiencing a lack of work. Miller testified that he was not aware of any comments made by Phoenix management or supervision which would indicate that decisions concerning employees who would be laid off and recalled were motivated by the age of the employees.

In his response to Phoenix's motion for summary judgment, Stair submitted an affidavit in which he states that during his employment with Phoenix, he was repeatedly referred to as "pop" and "old timer" by other employees and supervisors.[5] However, in his deposition, which occurred before Phoenix submitted its motion for summary judgment, Stair described only the one age-based remark made by Steinher as direct evidence in support of his age discrimination claim. In addition, when specifically asked on several occasions during the deposition whether any other comments regarding his age had ever been made by Phoenix employees or management, Stair replied in the negative.

This court has previously held that "a party cannot defeat a motion for summary judgment by creating an issue of material fact in his affidavit which contradicts and is inconsistent with his prior sworn testimony." *Capital Fin. Serv., Inc. v. Hibbard* (Oct. 9, 1995), Butler App. No. CA95–04–079, unreported, at 11, 1995 WL 591247. See, also, *Gagne,* 881 F.2d at 315; *Wyatt v. Ohio Dept. of Transp.* (1993), 87 Ohio App.3d 1, 6, 621 N.E.2d 822, 826. Because Stair's affidavit is inconsistent with his prior deposition testimony, we find that the affidavit does not constitute competent evidence which would support his allegation of age discrimination. See *Gagne,* 881 F.2d at 315. See, also, *Capital Fin. Servs.*

After carefully reviewing the record, we find that the direct evidence of age discrimination presented by appellants is insufficient to support their age discrimination claim. Steinher's age-based comment made to Stair is merely an isolated and ambiguous remark that was not made in connection with the February 20, 1995 layoff. See *LaPointe,* 8 F.3d at 380; *Carpenter v. W. Credit Union* (C.A.6, 1995), 62 F.3d 143, 145. The remark as related by Stair, therefore, is insufficient to create a genuine issue of material fact that would preclude summary judgment in favor of Phoenix. See *Dresher,* 75 Ohio St.3d at 293, 662 N.E.2d at 273–274. Accordingly, appellants' first assignment of error is overruled.

In their second assignment of error, appellants contend that the trial court erred by granting Phoenix's motion for summary judgment and by ignoring indirect evidence of age discrimination.

---

5. In his affidavit, Stair states that although he does not recall the last time he was referred to as "pop," he is sure it happened in 1995.

Absent direct evidence of age discrimination, a plaintiff-employee can establish a violation of R.C. 4112.02 by presenting indirect evidence of discrimination. *Kohmescher*, 61 Ohio St.3d at 505, 575 N.E.2d at 442–443; *Barker v. Scovill, Inc.* (1983), 6 Ohio St.3d 146, 6 OBR 202, 451 N.E.2d 807, paragraph one of the syllabus. When analyzing employment discrimination cases in the absence of direct evidence, the Ohio Supreme Court has previously adopted and applied the guidelines and formula established by the United States Supreme Court in *McDonnell Douglas Corp. v. Green* (1973), 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668. See *Plumbers & Steamfitters Joint Apprenticeship Commt. v. Ohio Civ. Rights Comm.* (1981), 66 Ohio St.2d 192, 197, 20 O.O.3d 200, 203, 421 N.E.2d 128, 131–132. Because the *McDonnell Douglas* and *Plumbers* cases dealt with employment discrimination based upon race, the Ohio Supreme Court subsequently modified the *McDonnell Douglas* and *Plumbers* framework to conform to age discrimination claims. See *Kohmescher*, 61 Ohio St.3d at 504, 575 N.E.2d at 441–442; *Barker*, 6 Ohio St.3d at 147–148, 6 OBR at 202–204, 451 N.E.2d at 808–810.

■ A prima facie case of age discrimination by indirect evidence exists where the following four elements are established by a plaintiff-employee: (1) the employee was a member of a statutorily protected class; (2) the employee was discharged or subjected to other adverse employment action; (3) the employee was qualified for the position; and (4) the employee was replaced by, or the adverse action allowed the retention of, an employee who is not a member of the protected class. *Kohmescher*, 61 Ohio St.3d 501, 575 N.E.2d 439, at paragraph one of the syllabus (adapted from *McDonnell Douglas v. Green* [1973], 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668); *Inman v. Champion Internatl. Corp.* (Aug. 5, 1991), Butler App. No. CA90–08–161, unreported, 1991 WL 149550.

■ The parties do not dispute that appellants have established the first three elements necessary to support an age discrimination claim. Rather, the parties contest the evidence offered in support of the fourth element required in order to establish an age-based employment discrimination case. Within the context of the fourth requirement, which deals with replacement or retention, a former employee "is not replaced when another employee is assigned to perform the [former employee's] duties in addition to other duties, or when the work is redistributed among other existing employees already performing related work." *Atkinson v. Internatl. Technegroup, Inc.* (1995), 106 Ohio App.3d 349, 359, 666 N.E.2d 257, 264, citing *Barnes v. GenCorp. Inc.* (C.A.6, 1990), 896 F.2d 1457, 1465. See, also, *Lilley v. BTM Corp.* (C.A.6, 1992), 958 F.2d 746, 752; *Sahadi v. Reynolds Chem.* (C.A.6, 1980), 636 F.2d 1116, 1117. In addition, in order to satisfy the retention component, a former employee must demonstrate that the employer retained a younger employee to perform the former employee's job and

that the younger employee was "similarly situated in all respects" to the former employee. See *Brothers v. NCR Corp.* (N.D.Ohio 1995), 885 F.Supp. 1043, 1048.

 Once an employee has presented evidence in support of the four elements necessary to establish a prima facie case of age discrimination, the employer is provided an opportunity to demonstrate a "legitimate, nondiscriminatory reason" why the employee was discharged or subjected to other adverse action. *Kohmescher*, 61 Ohio St.3d at 503; 575 N.E.2d at 441; *Inman*, Butler App. No. CA90–08–161, unreported. If the employer provides a legitimate nondiscriminatory basis for the adverse action taken against the employee, the employee is then allowed the opportunity to prove by a preponderance of the evidence that the reasons for the employer's adverse action were merely " 'a pretext for unlawful discrimination.' " *Kohmescher*, 61 Ohio St.3d at 503–504, 575 N.E.2d at 441, quoting *Barker*, 6 Ohio St.3d 146, 6 OBR 202, 451 N.E.2d 807, first paragraph of the syllabus. Where the employee is unable either to establish a prima facie case of age-based discrimination or to present evidence that the employer's asserted permissible grounds for the adverse action are false, the employee's age discrimination claim will fail. See *Barker* at 148, 6 OBR at 203–204, 451 N.E.2d at 809–810.

 In this case, the record indicates that appellants have failed to successfully establish, by indirect evidence, the fourth prong necessary to establish a prima facie case of age discrimination. Appellants were not replaced. The record reveals that Phoenix did not hire any new employees during the layoff period and did not reassign any retained employees to perform the tasks previously performed by Stair and Miller. Rather, in addition to their normal work duties, Phoenix utilized retained employees in the areas where it needed them. Specifically, the record indicates that several employees from other departments such as carpentry and silk-screen were asked to work in the warehouse/shipping and receiving department when necessary.

Furthermore, laying off Stair and Miller did not allow Phoenix to retain younger, similarly situated employees to perform the duties previously performed by Stair and Miller. Stair testified that he was laid off so that Phoenix could retain co-employee Jay Gaucher, who is younger than Stair.[6] However, there is no evidence that Gaucher and Stair are similarly situated in all respects. See *Brothers*, 885 F.Supp. at 1048. For instance, Richard Otte, head of the shipping and receiving department and Stair's supervisor, testified that Gaucher was considered a "lead person" and would take over Otte's duties and responsibilities in the warehouse in Otte's absence. Otte also stated that Gaucher knew how to

---

6. The record indicates that at the time of the February 20, 1995 layoff, Gaucher was forty-one years of age.

complete the requisite paperwork and use the computer to input data in addition to loading and unloading activities, and that Stair did not. In fact, Stair testified that his warehouse job involved loading and unloading duties and was paperwork-free and that he received instructions from Gaucher. Thus, while Gaucher may have been younger than Stair, he was not retained to take over Stair's duties as Gaucher had previously performed those duties in addition to other shipping and receiving tasks that Stair did not perform. Moreover, Stair did not offer any evidence that he could have accepted Gaucher's additional responsibilities, including paperwork and computer use, at the time of the layoff. Thus, Stair and Gaucher were not similarly situated.

Appellants also failed to produce any evidence that younger, similarly situated employees were recalled before them. The record indicates that the large construction job that necessitated the recall of several carpenters was a new construction job as opposed to a refurbishment job and required the skills of bench carpenters rather than refurbishment carpenters. Miller was a refurbishment carpenter whose skills were not needed by Phoenix before he was recalled. Consequently, neither Miller nor Stair, whose primary duty was shipping and receiving tasks, were similarly situated to the employees who were recalled before them.

Stair testified that employee time cards reveal that after he was laid off, Phoenix employees worked in the warehouse approximately 1,116 hours during approximately twenty-nine weeks and that he should have been retained since there was work available. However, the record indicates that while Stair was employed by Phoenix, it was not uncommon for the company to utilize employees from other departments to work in the warehouse in addition to their normal work assignments. Furthermore, as long as a laid-off employee's job duties are redistributed among retained employees who continue to perform their normal tasks, the former employee has not been improperly replaced so as to support an age discrimination claim. See *Atkinson,* 106 Ohio App.3d at 359, 666 N.E.2d at 264. Thus, appellants failed to establish a prima facie case of age discrimination based upon indirect evidence.[7]

After a thorough examination of the record, we find no error in the trial court's decision granting summary judgment in favor of Phoenix on the basis of lack of indirect evidence of age discrimination. Accordingly, we find that there exists no

---

7. Because we find that appellants failed to produce sufficient evidence to establish all four elements of a prima facie case of age discrimination in accordance with the *McDonnell Douglas* and *Kohmescher* framework, it is unnecessary for us to consider the evidence presented by Phoenix concerning the reasons for their layoff and recall decisions and the evidence presented by appellants that the reasons offered by Phoenix for its layoff and recall decisions were a pretext for unlawful age discrimination.

genuine issue of material fact for trial and that Phoenix was properly entitled to summary judgment. See *Dresher,* 75 Ohio St.3d at 293, 662 N.E.2d at 273–274; *Wing,* 59 Ohio St.3d at 111, 570 N.E.2d at 1099. Appellants' second assignment of error is overruled.

In their third assignment of error, appellants contend that the trial court erred by granting Phoenix's motion for summary judgment because in so doing, it decided numerous issues of material fact which can only be decided by the trier of fact. Appellants list seven issues of material fact.

Appellants' third assignment of error fails to comply with App.R. 16(A)(7). App.R. 16(A)(7) states that the brief of the appellant shall include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." See, also, *Foster v. Cuyahoga Cty. Bd. of Elections* (1977), 53 Ohio App.2d 213, 7 O.O.3d 282, 373 N.E.2d 1274, paragraph six of the syllabus. Although appellants list seven issues of fact which the trial court is alleged to have improperly decided, they do not offer reasons in support of their contentions, present citations of authority, or refer to applicable portions of the record.

Nevertheless, we have carefully reviewed the record and find that it does not contain any genuine issues of material fact which would preclude summary judgment in favor of Phoenix. See *Bostic,* 37 Ohio St.3d at 146, 524 N.E.2d at 883–884. Appellants failed to produce sufficient evidence to support a prima facie case of age discrimination on the basis of either direct or indirect evidence. *Kohmescher,* 61 Ohio St.3d 501, 575 N.E.2d 439, at paragraph one of the syllabus. There were no genuine issues of material fact that were improperly decided by the trial court and summary judgment was properly granted in favor of Phoenix. Accordingly, appellants' third assignment of error is overruled.

In their fourth assignment of error, appellants contend that the trial court erred by rejecting their statistical evidence of age discrimination.

In order "[f]or statistics to be valid and helpful in a discrimination case, 'both the methodology and the explanatory power of the statistical analysis must be sufficient to permit an inference of discrimination.'" *Simpson v. Midland–Ross Corp.* (C.A.6, 1987), 823 F.2d 937, 944, quoting *Segar v. Smith* (C.A.D.C., 1984), 738 F.2d 1249, 1274. Unless statistics which either tend to support a certain conclusion on their own or would lead a person to suspect a particular employer's motive when compared to other statistics "are sufficient to lead the mind naturally to the conclusion sought, they have no probative value; they do not move the proof one way or another." *Simpson,* 823 F.2d at 944.

In support of their age discrimination claim, appellants presented a report and deposition of John Phelps, Ph.D. Phelps testified that in his opinion, the layoff of and failure to recall Stair and Miller constituted unlawful age discrimination. Phelps stated that his conclusion was based upon two lists of information, one that contained all the individuals employed by Phoenix, their respective ages and hire dates, and another that contained those employees who were laid off and later recalled.

Phelps stated that his opinion was based solely upon the raw statistics with which he was provided and that he did not consider the business needs or staffing needs of Phoenix. For instance, Phelps testified that he has no knowledge regarding (1) appellants' job skills, (2) the job skills of Phoenix employees who were not laid off, (3) the job skills of Phoenix employees other than appellants who were laid off, (4) the financial condition of Phoenix at the time of the layoff or thereafter, (5) the type of work orders that Phoenix was expecting during the time of the layoff, (6) whether the appellants' skills were appropriate for the work expected by Phoenix during the time of the layoff, (7) whether the employees retained by Phoenix during the layoff had the skills to match the available work load, or (8) the layoff history at Phoenix prior to the February 1995 layoff.

Phelps also testified that in his opinion, Phoenix utilized a nontraditional method of recall in that the last employees hired were the first employees recalled. However, Phelps recognized that the business necessity and the staffing of different departments sometimes results in a recall decision that may reflect from a statistical standpoint what looks like age discrimination, but may, in fact, be a perfectly logical business decision. Phelps also indicated that his statistical calculations assume that there is an equal chance that each person would be recalled and do not take into account any variation in the chance of being recalled based on the employee's skill level or the business needs of the company at that particular time.

After carefully considering the evidence contained in the record with respect to the opinion and conclusion of Phelps and his statistical analysis, we find that the statistical evidence offered by appellants in support of their age discrimination allegations is flawed and does not support their age discrimination claim. The statistical evidence does not take into consideration the skills of the employees and the business needs of the company, and it assumes that each employee has an equal chance of recall. Phelps admitted that he could not conclude that the decision to lay off Stair was based upon age rather than position. In addition, Phelps testified that he assumed that Miller had the same chance of recall as all other carpenters, regardless of skill. However, the record indicates that Miller was a refurbishment carpenter and that the recall decisions were made based upon the fact that the company had acquired a new construction work order that

required the skills of bench or new construction carpenters, rather than refurbishment carpenters.

Based upon the above analysis, we find no error in the trial court's decision to reject the statistical evidence offered by appellants. See *Inman,* Butler App. No. CA90–08–161, unreported. Appellants' fourth assignment of error is overruled.

*Judgment affirmed.*

WILLIAM W. YOUNG and POWELL, JJ., concur.