Defendant-appellant Julius L. Edwards appeals his convictions and sentence on one count of aggravated burglary and one count of felonious assault entered by the Stark County Court of Common Pleas following a jury verdict of guilty on both counts. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On March 23, 1998, Roxanne Davis was asleep in her apartment. She awoke to the sound of breaking glass. When she got out of bed to investigate, she saw appellant climbing into her apartment through a broken window. She immediately turned and tried to get out of her apartment. She ran, screaming, down the steps, but before she could get away, appellant caught her.
Appellant grabbed Ms. Davis, intermittently punching and kicking her, and dragged her up the steps and back into the apartment. He demanded to know where she kept her money. The beating continued until appellant pushed Ms. Davis out of the broken window and onto the roof. Ms. Davis remained on the roof until appellant left her apartment.
The downstairs neighbor, Ms. Betty Gallagher, dialed 911 when she heard Ms. Davis screaming for help. When the noise subsided, Ms. Gallagher looked out her doorway and saw appellant coming down the steps. She asked him what he was doing. He did not answer, but just walked away from the apartment building.
When police arrived at the scene, they immediately noticed Ms. Davis was injured; she had lacerations all over her body, blood coming from her mouth and nose, and blood in her right eye. She was distant and very emotional. The police called for an ambulance. After Ms. Davis was taken to the hospital, the police continued to investigate at the scene. At that time, the officers learned appellant had called the police station and was at his mother's house. The police went to appellant's mother's house and informed appellant he was under arrest.
Ms. Davis and appellant had dated on and off for the ten years preceding this incident. In fact, the two had rented the residence in which the incident occurred together. Ms. Davis characterized the relationship as abusive and testified appellant moved out in February 1998. At that time, Ms. Davis changed the locks and obtained a protective order against appellant, effective March 2, 1998.
On April 30, 1998, appellant was indicted on one count of aggravated burglary in violation of R.C. 2911.11 and one count of felonious assault in violation of R.C. 2903.11. At the arraignment, appellant pled not guilty to the charges. Thereafter, the case proceeded to trial on June 10, 1998. At the conclusion of trial, the jury found appellant guilty on both charges.
On June 11, 1998, after a hearing on sentencing, the trial court sentenced defendant to a term of ten years for the aggravated burglary conviction and a term of eight for the felonious assault conviction. The court ordered the sentences be served consecutively.
This decision was memorialized in a Judgment Entry filed June 16, 1998. It is from this judgment entry appellant prosecutes his appeal, assigning the following as error:
 I. THE TRIAL COURT ERRED IN PERMITTING THE PROSECUTOR TO ARGUE AND PRESENT EVIDENCE REGARDING APPELLANT'S PRIOR BAD ACTS.
 II. THE EVIDENCE AT TRIAL WAS INSUFFICIENT TO SUPPORT CONVICTION, AND THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 III. THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO CONSECUTIVE COUNTS OF INCARCERATION, IN VIOLATION OF O.R.C. 2941.25.
 IV. THE TRIAL COURT ERRED IN ITS INSTRUCTION TO THE JURY CONCERNING "FLIGHT".
 V. OTHER ERRORS WERE COMMITTED AT TRIAL NOT RAISED HEREIN BUT APPARENT ON THE RECORD.
 I
In appellant's first assignment of error, he argues the trial court erred in permitting the prosecutor to argue and present evidence regarding appellant's prior bad acts. While recognizing this argument may or may not have merit, this court is unaware of exactly what prior bad acts evidence appellant complains.
Appellate Rule 16(A)(7) states in pertinent part:
(A) Brief of the appellant.
 The appellant shall include in its brief, under the headings and in the order indicated, all of the following:
* * *
 3. A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.
* * *
 7. An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statute, and parts of the record on which appellant relies.
This Court is under no obligation to review this assignment of error. Stair v. Phoenix Presentations, Inc. (1996), 116 Ohio App.3d 500,511; Clark v. Clark (June 10, 1996), Licking App. No. 95CA128, unreported. Not only did appellant fail to specify which prior bad acts evidence was admitted in error, his brief also fails to reference where in the record the alleged errors occurred. This Court is, therefore, unable to even extrapolate the contested evidence. For this reason appellant's first assignment of error is overruled.
 II
In his second assignment of error appellant contends the evidence at trial was insufficient to support a conviction, and the jury's verdict was against the manifest weight of the evidence.
In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
Jenks, supra, at paragraph two of the syllabus.
R.C. 2911.11 sets forth the crime of aggravated burglary as follows:
 (A) No person, by force, * * * shall trespass in an occupied structure * * * when another person other than an accomplice of the offender is present, with purpose to commit in the structure * * * any criminal offense, if any of the following apply:
 (1) the offender inflicts, or attempts or threatens to inflict physical harm on another;
The crime of felonious assault is defined in R.C. 2903.11:
(A) No person shall knowingly:
(1) Cause serious physical harm to another * * *
When applying the Jenks standard to the case sub judice, we find ample, sufficient evidence to support each conviction. The testimony, noted supra, when viewed in a light most favorable to the prosecution, indicates appellant broke into Ms. Davis' home with the intention to commit a criminal offense. It further demonstrates appellant knowingly caused serious physical harm to Ms. Davis.
On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v.Thompkins (1997), 78 Ohio St.3d 380, 387 citing State v. Martin
(1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
After reviewing the entire record, weighing the evidence and all reasonable inferences, we find the jury verdicts were supported by competent, credible evidence. Certainly, the testimony of Ms. Davis alone, if believed by the jury, provided evidence as to every element of aggravated burglary and felonious assault.
We find the there was sufficient evidence presented at trial to allow a reasonable jury to conclude beyond a reasonable doubt appellant committed the criminal offenses of aggravated burglary and felonious assault. Furthermore, after an examination of the entire record, this Court does not conclude the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 III
In the third assignment of error appellant maintains the trial court erred in sentencing him to consecutive counts of incarceration. Specifically, appellant alleges the aggravated burglary and felonious assault arose out of the same course of conduct, and thus the sentences should merge.
R.C. 2941.25 provides:
Multiple Counts
 (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
Interpreting this statute, the Ohio Supreme Court held inNewark v. Vazirani (1990), 48 Ohio St.3d 81, a two-tiered test must be undertaken to determine whether two or more crimes are allied offenses of similar import. At syllabus. In the first step, the elements of the two crimes are compared. Id. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. Id.
In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. Id. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses.Id. See also: State v. Blankenship (1988), 38 Ohio St.3d 116,117. Applied in: State v. Gummere, Licking App. No. 96CA45, unreported; State v. Hunt, Licking App. No. 95CA137, unreported. Where the same conduct by a defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one. Id. See also: State v. Blankenship (1988), 38 Ohio St.3d 116,117.
Assuming, arguendo, the first step of the Vazirani test is met, this Court finds the evidence supports the conclusion appellant had a separate animus for each crime. The act of breaking into Ms. Davis' apartment with the purpose to commit theft (as evidenced by appellant's demand to know where Ms. Davis' money was kept) supports the conviction for aggravated burglary. The evidence showing appellant beat Ms. Davis from the time he caught her in the apartment until the time he threw her out the window and onto the roof, supports the felonious assault conviction. We find appellant had a separate animus as to each offense. If appellant only wanted Ms. Davis' money, he could have accomplished the theft without such a sustained period of physical abuse.
Accordingly, appellant's third assignment of error is overruled.
 IV
In his fourth assignment of error, appellant argues the trial court erred in its jury instruction concerning "flight." Specifically, appellant alleges the trial court was expressing an opinion as to what the evidence did show instead of instructing the jury on the law. We do not agree.
The trial court instructed the jury as follows:
 In this case there was evidence that the Defendant fled from justice. You are instructed that you may not presume the Defendant guilty from such evidence. You may, however, infer a consciousness of guilt regarding the evidence of Defendant's alleged flight. An accused's flight and related conduct can be considered as evidence of consciousness of guilt and thus of guilt itself.
T. At 209-210. (Emphasis added).
At trial, Officer Sean Morrison testified appellant resisted attempts to place him in handcuffs. T. at 151. Further, when the officer attempted to lead appellant out of the door and toward the squad car, appellant pulled away from the officer and started to run. T. at 152. Officer Morris still had a hold of the handcuffs, and after about thirty seconds regained control of appellant. Id. This testimony was corroborated by Officer Morris, who was also present. T. at 166.
The trial court did not instruct the jury that flight was a fact. Rather, the trial court stated evidence waspresented appellant attempted to flee from the police. We do not interpret the trial court's statement as instructing the jury they must conclude the appellant did, in fact, flee. In its general instructions, the trial court instructed the jury they are the sole judges of the facts. Tr. at 206. Because there was, as noted supra, some evidence presented as to flight, we find the trial court did not err in giving a flight instruction.
 V
In his fifth assignment of error, appellant requests this Court to examine the entire record for any additional error which might entitle him to a reversal of his conviction. In support of this request, appellant cites Anders v. California
(1967), 386 U.S. 738.
A review of the testimony adduced at trial and the entire record reveals no error prejudicial to appellant, warranting reversal of his conviction and/or sentence. Appellant was not denied a fair trial.
Appellant's fifth assignment of error is overruled.
The judgment of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, J., Wise, P.J. and Edwards, J. concur
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
-------------------
-------------------
 ------------------- JUDGES