OPINION
Plaintiffs-appellants Pauline and Charles Green appeal the May 10, 1999, Judgment Entry of the Richland County Court of Common Pleas granting summary judgment in favor of defendant-appellee Franchise Management Development, Inc.
 STATEMENT OF FACTS AND CASE
On January 21, 1998, Plaintiffs-Appellants, Pauline Green [hereinafter appellant] and Charles Green, brought suit against Defendant-Appellee, Franchise Management Development, Inc.[hereinafter appellee], to recover damages for personal injuries and loss of consortium as a result of a slip and fall at "Wendy's" fast food restaurant in Mansfield, Ohio. The slip and fall occurred January 25, 1996, in Richland County, on a morning during which it had snowed. Appellant claims the floor was wet from mopping. Appellee claims the floor had not been mopped and appellant is merely speculating as to how the floor became wet. Appellee filed a Motion for Summary Judgment on February, 9, 1999. Appellants filed a Response to Defendant's Motion For Summary Judgment on April 30, 1999. Appellant claimed that she slipped and fell on a floor that had been made wet by mopping by an agent of appellee. Appellee argues that appellant cannot identify what made the floor wet that day and only speculates that the floor was wet from mopping. On May 10, 1999, after considering the Memoranda of the parties, the deposition transcript of appellant, an affidavit submitted by appellant and the affidavit of the restaurant manager of Wendy's, the trial court granted Summary Judgment in favor of Defendant-Appellee. It is from the May 10, 1999, Judgment Entry that appellants prosecute this appeal, raising the following assignment of error:
THE TRIAL COURT ERRED IN GRANTING DEFENDANT/APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36, 506 N.E.2d 212. Civ.R. 56(c) states in pertinent part: Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, 674 N.E.2d 1164, citing Dresher v. Burt (1966), 75 Ohio St.3d 280,662 N.E.2d 264. It is based upon this standard we review appellant's assignment of error. I Appellant, in her first and only assignment of error, argues that the trial court erred in granting appellee's Motion for Summary Judgment. We disagree. In order to recover in a slip and fall case, it is necessary for a plaintiff to show: (1) that the defendant, through his conduct, is responsible for creating the condition complained of; or (2) if not responsible for the condition, that the defendant or one of defendant's agents had actual or constructive knowledge of the condition and failed to give notice to the patrons or remedy the condition. Johnson v. Wagner Provision Co. (1943), 141 Ohio St. 584,49 N.E.2d 925. It is incumbent upon the plaintiff to identify or explain the reason for the fall — to affirmatively identify the condition complained of. Cleveland Athletic Assoc. v. Bending (1934), 129 Ohio St. 152, 194 N.E. 6; Stamper v. Middletown Hospital Assoc. (1989), 65 Ohio App.3d 65, 582 N.E.2d 1040; Parras v. Standard Oil Co. (1953), 160 Ohio St. 315, 116 N.E.2d 300; and Mines v. Russo's Stop Shop (Feb. 23, 1989), Cuyahoga App. No. 55-73, 1989 WL253888. A reviewing court is not permitted to speculate as to the cause of a slip and fall. Parras,160 Ohio St. at 315 319. In this case, appellant could not identify what caused her fall in Wendy's. Appellant could not provide affirmative evidence that the area on which she slipped had been wet prior to her fall. Appellant claims her fall was caused by a wet, recently mopped floor. Appellant does not contend that she saw anyone mop the floor. Appellant's affidavit states, "As I lay on the floor after the fall, I was able to look back into the restaurant and could see approximately 4 or 5 feet past my feet. From this position, I saw that the floor was wet. The wetness on the floor looked like it had been recently mopped. I have been mopping floors for over 50 years and I know what a mopped floor looks like." These statements in appellant's affidavit appear to show that appellant can identify that it was a recently mopped floor that caused her fall. However, on first look, it appears that appellant's affidavit and her deposition may be contradictory to each other. If that is the situation, then appellant's affidavit submitted in opposition to the defense motion for summary will carry little, if any, weight. Stair v. Phoenix Presentations, Inc. (1996), 116 Ohio App.3d 500, 688 N.E.2d 582
and Woodall v. Pilarczyk (Aug. 21, 1985), Hamilton App. No. C-840756, unreported, 1985 WL11445. Appellant, in her deposition stated that she could not tell what was making the floor wet: Q. Okay, Well, you can't tell me what was making the floor wet? A. No. Q. It's just as likely it could have been water tracked in — A. I don't think so. Q. — or it could have been water from the bottom of your shoes? A. I don't think it was that wet, no. Q. Well, you can't tell me what it was. A. No, I can't. Deposition at
But construing the deposition and affidavit most strongly in appellant's favor, we do not find a contradiction between appellant's affidavit and her deposition as to what caused the wet floor. In reaching this conclusion, we have considered the exchange on pages 38 and 39 of appellant's deposition: Q. . . . what was this wetness on the floor? A. It was just wet. Q. Okay. Wet with water? A. Sure. Q. Okay. Was it anything other than water? A. Not that I know. Q. Okay. Was it water tracked in on people's feet? A. I don't think so. Q. Okay. A. I think it'd been mopped. I'm sure.
In considering the deposition in toto, it can be construed that appellant was sure that the floor was wet because it had been mopped, but she was unable to say absolutely, positively it was mopped because she had not seen anyone mopping it. We, therefore, do not find that appellant's affidavit and her deposition directly contradict each other as to what caused the floor to be wet. However, what appellant cannot establish is that the portion of the floor where she slipped was wet. In her affidavit, appellant stated that she saw the floor was wet approximately four or five feet past her feet. (See quote above from the affidavit.) In her deposition, the following was elicited: Q. So you wouldn't have fallen where you saw wetness here where you put this circle, would you have? A. No. Q. All right. A. That's where I could look. That's the only place I could look. Q. Well, did you look at the area that you had walked over to see if it was wet? A. No, I did not. I was in so much pain I did not try to look around to see what was going on. Deposition at page 40-41.
We find appellant has presented specific facts to demonstrate that an area of the floor 4 to 5 feet from her appeared to have been mopped recently and was wet. However, appellant has failed to present specific facts that show that the place where she slipped was wet. Construing the evidence most strongly in favor of appellant we cannot find that the appellee (or an agent) through his conduct, was responsible for creating the condition which caused appellant's fall. In the alternative, appellant could survive summary judgment if she could present specific facts showing that appellee or one of appellee's agents had actual or constructive knowledge of the condition (even though not responsible for the condition) and failed to give notice to the patrons or remedy the situation. However, since the appellant cannot establish that the place where she slipped was wet, then the issue of whether the appellee (or an agent) knew or should have known the floor was wet is moot. But assuming arguendo that appellant had established that the place where she slipped was wet, she has not established that appellee (or its agent) had actual or constructive knowledge of the condition and failed to give notice to patrons or remedy the condition. The duty of premises owners to take precautionary measures to correct or warn patrons of hazardous conditions is predicated upon the owners' superior knowledge concerning these dangers. Debbie v. Cochran Pharmacy — Burwick, Inc. (1967), 11 Ohio St.2d 38, 227 N.E.2d 603. Appellant testified that the wetness could not be seen on any of the floor area before she fell. Transcript of Deposition at pg. 32. If there were no evidence that the wetness could be seen, then appellant was unable to show that the appellee (or an agent) had or should have had notice of the wetness of the floor. Construing the evidence most strongly in favor of appellant, we cannot find that appellee (or an agent) had actual or constructive knowledge of the condition causing appellant's fall. First, because appellant did not establish that the condition of the floor where she slipped caused her fall, and second, because the appellant had no evidence to establish that the condition she claimed caused her fall was visible from eye level. Appellant's sole assignment of error is overruled.