OPINION
Appellant Gilda Gutlove appeals the decision of the Stark County Court of Common Pleas, which granted summary judgment in favor of Appellee Fisher Foods, Inc. ("Fisher") in a personal injury lawsuit. The relevant facts leading to this appeal are as follows. On May 4, 1997, appellant visited the Fisher Foods Market grocery store located on Fulton Road in Canton. The store utilizes a very slightly sloping concrete ramp at the entryway area, which descends from the sidewalk strip in front of the building to the parking lot surface. The ramp thus ranges from approximately six inches above the lot to flush with ground level. On the afternoon in question, appellant's husband drove her to the Fisher store and dropped her off in the parking lot, from whence she proceeded into the front entrance of the building. Several minutes later, while exiting the store after shopping, appellant stepped off the side of the entryway ramp and fell, resulting in injury to her foot. Appellant filed her complaint against Fisher on August 5, 1998. On February 10, 2000, Fisher filed for summary judgment. Appellant filed a response in opposition, but on March 20, 2000, the trial court granted summary judgment in favor of Fisher. Appellant timely appealed, and herein raises the following sole Assignment of Error:
I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT.
 I.
In her sole Assignment of Error, appellant contends that the court erred in granting Fisher's motion for summary judgment regarding her lawsuit stemming from the parking lot fall. We disagree. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part: Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280. It is based upon this standard that we review appellant's Assignment of Error. Appellant directs us to our holding in Ousley v. SSM, Inc. (Sept. 15, 1998), Richland App. No. 97 CA 94, unreported, which involved a fall from an entryway ramp at a fast-food restaurant. Appellant refers specifically to our following language therein: * * * We have reviewed the record in this matter and find a genuine issue of material fact exists concerning whether the five and one-half inch drop off was open and obvious. The pictures of the handicap ramp in question establish there was nothing that would warn someone approaching the ramp of the five and one-half inch drop off. Without such a warning, such as a line painted on the sidewalk, as in Kissel v. Michel Corp. (Aug. 20, 1993), Fulton App. No. 92FU000021, unreported, a question of material fact exists as to whether the drop off was open and obvious to appellant as she approached the handicap ramp. * * * * * * During the visit in question, appellant attempted to cross the handicap ramp, stepping on the edge of the curb and falling. We find a question of material fact exists concerning whether appellant had actual knowledge of the five and one-half inch drop off. The fact that she may have entered the restaurant, on previous occasions, using the same door does not establish, beyond a factual doubt, that she had knowledge of this condition.
Id. at 7.
We first note that in Ousley, the plaintiff fell while attempting to enter, not exit, a particular entrance of the restaurant. Thus, unlike appellant in the case sub judice, she did not have the opportunity to "re-cross" the same area within the space of a few minutes. In that vein, we took note in Ousley that the plaintiff "on the day in question * * * did not approach the entrance as she had on previous visits to the restaurant," even though she had used the door of that entrance area before. Id. at 7, emphasis added. This contrasts markedly with appellant's present deposition testimony, as follows:
 Q. As you walked out of the grocery store that day and toward the car, did you take the same path that you had taken when you walked into the store?
A. Yes.
* * *
 Q. Did you generally take the same path in and out of the store on the three or four occasions that you did on the day of this accident?
A. Yes.
Deposition at 21-22.
Our analysis might very well end here, in favor of appellee, but for appellant's conflicting affidavit of March 3, 2000, which is attached to her brief in response to Fisher's summary judgment motion. Appellant therein avers: Prior to May 6, 1997, I had shopped on several occasions at the Fisher Foods Market located in Canton, Ohio. On prior occasions I had gone into the front entrance of the store, I walked along a sidewalk, which is immediate adjacent to the side of the building, and goes along the length of the building. I had never previously walked across the ramp, or ever had the opportunity to notice that the ramp had sudden drop offs on the sides.
On May 6, 1997, I walked on the sidewalk adjacent to the store, and entered the store. When left the store, I walked straight out the front door and for the first time, across the ramp to the left when I fell at the sudden drop-off.
FURTHER AFFIANT SAYETH NAUGHT.
We assess this evidence in light of the Ohio Supreme Court's ruling in Turner v. Turner, (1993), 67 Ohio St.3d 337: When a litigant's affidavit in support of his or her motion for summary judgment is inconsistent with his or her earlier deposition testimony, summary judgment in that party's favor is improper because there exists a question of credibility which can be resolved only by the trier of fact. Id., syllabus.
Our paramount task is thus to consider the effect of an inconsistent affidavit filed subsequent to deposition by the non-moving party, as opposed to the moving party. We explored this issue in detail in the case of Zara v. Gabrail (Dec. 21, 1998), Stark App. No. 98-CA-0064, unreported. In that case, the parties, ex-spouses, had both been found in contempt following post-decree motions. The court directed the parties to report back to court for sentencing, but the parties then represented an agreement had been reached in the case and requested an order staying the sentences. The court accepted the proposed settlement between the parties, but appellant later filed a motion to disregard the proposed settlement on the grounds she did not fully understand all the consequences. She supported her motion with an affidavit. The trial court rejected her motion without a hearing, and an appeal ensued. Id. at 2. Against the backdrop of Turner, we began our analysis by recognizing that a number of appellate courts have held a non-moving party cannot defeat a motion for summary judgment by creating an issue of fact through a contradictory affidavit, citing Paine Enterprises, Inc. v. Wessling (March 22, 1995), Hamilton App. No. C93-088, unreported; Steiner v. Steiner (July 12, 1995), Scioto App. No. 93CA2191, unreported; and McCain v. Cormell (June 30, 1994), Trumbull App. No. 93T4967, unreported. We further cited McCullough v. Spitzer Motor Center, Inc. (January 27, 1994), Cuyahoga App. No. 64465, unreported, where the court found that if an affidavit explicitly contradicts earlier deposition testimony without providing any explanation for the discrepancy, then the subsequent affidavit is insufficient to raise a genuine issue of material fact. Id. at 3. See also, Miller v. A.H. Robins, Inc. (C.A. 7, 1985), 766 F.2d 1102; Buckeye Federal Savings and Loan Association, Inc. v. Cole (Nov. 24, 1986), Warren App. No. CA8601006, unreported. Ultimately, we concluded that the court did not err in rejecting Ms. Zara's contrary affidavit without a hearing. Id. at 7. Applying similar logic to the case sub judice, we find no error in the trial court's implicit disregard of the subsequent inconsistent affidavit of appellant, the non-moving party, regarding her level of familiarity with the entrance ramp. Accord Green v. Franchise Management Development (Feb. 12, 2000), Richland App. No. 99-CA50-2, unreported, at 2, citing Stair v. Phoenix Presentations, Inc. (1996), 116 Ohio App.3d 500. Therefore, we hold that Fisher produced the requisite evidence to the trial court which would demonstrate that appellant cannot support her claim. Dresher, supra. Thus, there is no genuine issue as to any material fact, and Fisher is entitled to judgment as a matter of law upon its summary judgment motion. The sole Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, County, is hereby affirmed.
 ________________________ Wise, J.
Gwin, P.J., and Farmer, J., concur.