Garver, J.
 

 Edith P. Bending brought suit against the Cleveland Athletic Association Company and the Euclid-12th Company in the Court of Common Pleas of Cuyahoga county, Ohio, in February, 1931, for damages for injuries which she alleges were caused by the negligence of defendants.
 

 Defendants filed separate answers, denying the allegations of negligence and the extent of plaintiff’s injuries.
 

 The Euclid-12th Company occupied the five lower floors of the Cleveland Athletic Club building and the Cleveland Athletic Association Company occupied the eight floors above these five. The main entrance-way to the building was about six inches higher than the surface of the adjoining sidewalk, was about eighteen feet across at the sidewalk entrance, and about eleven feet back from the sidewalk were four swinging doors. The entrance way was twelve feet wide at this door line. A strip of carborundum metal about twelve inches wide extended along the surface of the sidewalk edge of the entrance-way. The remaining part of the entire entrance-way was formed of blocks or tiles of marble, which were cemented down to a bedding of concrete. This marble floor in places had been worn down by a foot traffic, but not more than one-sixteenth to one-eighth of an inch.
 

 Two metal mats were used in this outer entrance-way. They were five feet wide and were long enough to extend from the doors previously mentioned out to the edge of the carborundum metal strip. No mat was used to cover the triangular space between these mats and the slanting easterly wall.
 

 
 *154
 
 On the 16th day of June, 1930, the plaintiff and Mrs. French, both of whom lived in Sarnia, Ontario, Canada, went to this entrance-way on their way to lunch at the Cleveland Athletic Clnb, and upon reaching the easterly side of the entrance-way Mrs. French, who was preceding the plaintiff, walked across the triangular area which was not covered by a rubber mat. The plaintiff was following closely behind Mrs. French and when about half-way across the triangular marble space her right foot slipped “into a little incline or something”, her left foot “caught on something” and she was thrown to the floor and injured. She testified she did not know on what her left foot caught and she did not stumble over the mat and her foot did not catch in the matting.
 

 Plaintiff’s injuries consisted of what is termed a Potts fracture of the left ankle, with a double fracture of the tibia and one of the fibula.
 

 After motions by both defendants to direct a verdict for the defendants had been overruled at the conclusion of the plaintiff’s evidence and again at the conclusion of all the evidence, the case was submitted to the jury. The jury returned a verdict in favor of the plaintiff and the judgment rendered upon such verdict was affirmed by the Court of Appeals. Upon motion, the record was ordered certified to this court for review.
 

 The slight depressions in the marble floor were not dangerous to persons walking upon this triangular space, since 1500 to 2000 persons used this entrance-way daily for many years without injury to any of them prior to plaintiff’s accident.
 

 Plaintiff did not know upon what her left foot caught, but it did not catch in the matting, and she did not stumble over the mat; and upon consideration of all the evidence reasonable minds can come to no other
 
 *155
 
 conclusion than there was no negligent act or omission on the part of the defendants or either of them, and the jury should have been directed to return a verdict for the defendants.
 

 Upon the authority of
 
 J. G. Penny Co., Inc.,
 
 v.
 
 Robison,
 
 128 Ohio St., 626, decided by this court on November 21, 1934, the judgment of the Court of Appeals should be reversed.
 

 It follows that the judgment of the Court of Appeals is reversed and final judgment is entered for plaintiffs in error.
 

 Judgment reversed.
 

 Weygandt, C. J., Hart, Stephenson, Jones and Matthias, JJ., concur.
 

 Williams, J., not participating.