HOWINGTON, APPELLANT, *v.* HOERST ET AL., APPELLEES.

(No. C-850798 — Decided September 17, 1986.)

*Kondritzer, Gold & Frank Co., L.P.A.,* and *Edward Cohen,* for appellant.

*Droder & Miller Co., L.P.A.,* and *Walter C. Wurster,* for appellees Herbert and Marion Hoerst.

*Per Curiam.* This cause came on to be heard upon the appeal from the Hamilton County Court of Common Pleas. The matter was originally placed on the accelerated calendar and we have *sua sponte* restored it to the regular calendar in order to treat in an adequate fashion the questions raised in this appeal.

On December 19, 1984, plaintiff-appellant, Loretta Howington, filed a civil complaint against defendants-appellees. In her complaint, appellant alleged that she had suffered personal injuries on the premises of an apartment building which was owned by appellees. Appellant alleged that as a direct and proximate result of appellees' negligence in maintaining a stairway, she caught her foot on a strip of carpeting which had come loose on the top step, causing her to fall down the stairs and sustain injuries. Denying their negligence, appellees filed an answer, which, *inter alia,* raised the issues of contributory negligence and assumption of the risk.

Appellees subsequently filed a motion for summary judgment, based upon the pleadings and their deposition of appellant. Appellant filed a memorandum in opposition to appellees' motion for summary judgment, attaching to it an affidavit from appellant's daughter, Sheila K. Harp. The lower court, relying on our earlier decision in *Brantley* v. *Sears, Roebuck & Co.* (Sept. 24, 1980), Hamilton App. No. C-790722, unreported, granted summary judgment in favor of appellees on the basis that "neither [appellant] nor her daughter could identify the reason for her fall." From this judgment, appellant has taken this timely appeal asserting in a single assignment of error that the lower court erred when it granted summary judgment. We agree.

In *Brantley* v. *Sears, Roebuck & Co., supra,* we found that summary judgment was proper where the plaintiff, who fell while walking on an "entanceway" in front of a Sears retail department store, failed to produce *any* evidence or *any* explanation as to how or why she fell. Our decision was based on the rule that the failure to identify or explain the reason for a fall which occurs while a plaintiff is on property owned by a defendant precludes a finding that the defendant acted negligently. See *Cleveland Athletic Assoc. Co.* v.

*Bending* (1934), 129 Ohio St. 152, 1 O.O. 447, 194 N.E. 6; *Tuttle* v. *Lorenz* (Nov. 21, 1984), Hamilton App. No. C-830934, unreported. Subsequent to our *Brantley* decision, we have further held that summary judgment is proper in slip and fall cases where the plaintiff fails to produce *any* evidence as to the object alleged to have precipitated the fall, how it came to its alleged location, and how long it had remained in such location. See *Friedman* v. *Preferred Credit Corp.* (Dec. 11, 1985), Hamilton App. No. C-850052, unreported; *Harper* v. *Alms & Doepke Co.* (Oct. 30, 1985), Hamilton App. No. C-840895, unreported.

In the instant case, appellant, in her deposition, could not personally identify the reason for the fall, other than to say that she "took a few steps and just fell" as she approached the top step of the stairway. However, appellant indicated that her daughter, Sheila K. Harp, witnessed at least part of the actual fall. Moreover, in Ms. Harp's affidavit, she stated that: she was present when her mother fell; she observed the condition of the stairway and the steps just prior to the fall; she inspected the area immediately after the fall and observed that the metal stripping attached to the top step was bent upward and that the carpeting on the top step was loose and sticking upward; she noticed that this defective condition had existed for at least a week prior to the fall; and that her mother fell just as she reached the top step of the stairway.

Based on this affidavit, we find the presence of genuine issues of material fact as to breach of duty and proximate cause. Under these circumstances, the trial court erred in granting summary judgment. The assignment of error is sustained.

The judgment is reversed and the cause is remanded to the court of common pleas for further proceedings according to law which are not inconsistent with this decision.

*Judgment accordingly.*

DOAN, P.J., BLACK and KLUSMEIER, JJ., concur.