OPINION
This appeal arises out of a trial court judgment granting summary judgment in favor of Defendant-Appellee, Lodging Associates of Ohio ("Appellee"). For the following reasons, this Court reverses the trial court judgment and remands the matter for proceedings consistent with this Court's opinion.
On September 24, 1994, Plaintiffs-Appellants, Steven M. Waugh ("Steven") and Rebecca J. Waugh ("Rebecca"), were staying at the Knight's Inn in St. Clairsville, Ohio. Appellee owned and operated the Knight's Inn.
That evening Steven took a shower, dried off inside the tub and dressed. (Waugh Depo. pp. 13-14). Steven then used the toilet. (Waugh Depo. p. 13). When he flushed the toilet his left foot slipped, causing him to fall against the bathroom door. (Waugh Depo. p. 15)
By affidavit, Rebecca states that she heard her husband call out in pain and went to see what had happened. She discovered Steven lying on the floor. Steven told her that he slipped in water. Rebecca knelt to try and help Steven up and noticed that the area around the toilet was wet. She "* * * then noticed a puddle of water around a rusted pipe that looked like it went into the toilet; and the wet surface around the toilet was coming from that area * * *." (Affidavit of Rebecca Waugh). Rebecca stated that, "[t]he bathroom did not appear to be wet in any other area except around the toilet where water was coming from this rusted pipe." (Affidavit of Rebecca Waugh).
Unable to assist her husband, Rebecca called for help. The manager of the Knight's Inn came to the room and Rebecca stated that the manager told her "* * * that he knew the toilet had been leaking and not to worry, that everything would be taken care of." (Affidavit of Rebecca Waugh). Steven was transported by ambulance to Wheeling Hospital.
The Waughs filed suit alleging claims of negligence and loss of consortium against Appellee. (First Amended Complaint). Appellee deposed Steven on April 25, 1997. At his deposition, Steven was unable to recall certain events relating to his fall. Specifically, Steven testified:
"Q. What caused you to fall then, if you know?
"A. I don't know.
 "Q. Okay. You don't remember putting your foot in the water?
"A. No, I didn't step in no water there."
(Waugh Depo. p. 17).
However, Steven testified that he saw water by the pipe before entering the shower. (Waugh Depo. pp. 16-17).
Appellants claim that Steven's inability to specifically recall what he slipped on is a result of memory loss caused by strokes he suffered before and after the fall. Steven testified regarding the affects of his strokes:
"Q. And did you suffer any paralysis from that?
 "A. No. Loss of memory, loss of — can't remember much.
 "Q. The stroke, you mean, you don't remember much? How about before the stroke?
 "A. No. I mean, I can't remember much from the two strokes. That's what affected me the most was my memory."
(Waugh Depo. 31).
Appellee moved for summary judgment arguing that the Waughs could not prevail because they had not established proximate cause, a necessary element in their claim. Appellee, quotingStamped v. Middletown Hosp. Assn (1989) 65 Ohio App.3d 65, stated, "* * * to establish negligence in a slip and fall case it is incumbent upon the plaintiff to identify or explain the reason for the fall." Appellee argued that it was entitled to summary judgment because Steven could not identify the cause of his fall.
The Waughs responded that given Steven's memory loss, they would have to rely on other evidence to support their claims. To this end, they submitted evidence of Steven's strokes, Rebecca's affidavit, an affidavit from Kenneth Saffell ("Saffell"), a paramedic who treated Steven at the scene and hospital records. The affidavits of Rebecca and Saffell indicate that immediately after the accident Steven told them he slipped on water. Further, both stated that they observed the bathroom floor to be wet. The hospital records also state that Steven told the doctor treating him that he slipped in water.
The trial court granted Appellee's motion for summary judgment. The journal entry granting summary judgment states:
 "THE COURT FINDING THAT REASONABLE MINDS CAN COME TO BUT ONE CONCLUSION, AND THAT CONCLUSION IS THAT PLAINTIFF COULD NOT SHOWER WITHOUT ASSUMING THE RISK THAT SOME WATER WOULD FALL ON THE BATHROOM FLOOR AND MAKE IT SLIPPERY, DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IS SUSTAINED."
(J.E. July 7, 1997)
On August 5, 1997, the Waughs filed their notice of appeal raising the following assignment of error:
 "THE TRIAL COURT ERRED IN SUSTAINING THE DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT."
Since we find that the Waughs have met at least the threshold requirements to establish the essential elements of negligence sufficiently to avoid summary judgment, we find the assignment of error to have merit.
When reviewing a trial court's decision to grant summary judgment, we review the evidence de novo applying the same standard used by the trial court. Varisco v. Varisco (1993),91 Ohio App.3d 542, 545, citing Parenti v. Goodyear Tire RubberCo. (1990), 66 Ohio App.3d 826, 829. Under Civ.R. 56 (C), before a court can grant summary judgment, the movant must demonstrate that:
 "* * *(1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party."
Grafton v. Ohio Edison Co. (1996) 77 Ohio St.3d 102, 105, citingState ex rel. Cassels v. Dayton City School Dist. Bd. of Edn. (1994), 69 Ohio St.3d 217, 219.
The party seeking summary judgment has the initial burden of informing the court of the motion's basis, and identifying the portions of the record showing there is no genuine issue of material fact on the essential elements of the opposing party's claim. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The movant must be able to point to some evidence of the type listed in Civ.R. 56 (C) that affirmatively demonstrates that the opposing party has no evidence to support its claims. Id. If this initial burden is met, the opposing party has a reciprocal burden to, "* * * set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not respond, summary judgment, if appropriate, * * *" shall be granted. Id.
In its motion for summary judgment, Appellee met its initial burden of showing that the Waughs could not establish the essential element of proximate cause. Appellee cited deposition testimony of Steven that he could not identify the cause of his fall.
The burden then shifted to the Waughs to, "* * * set forth specific facts showing there is a genuine issue for trial * * *." Id. Thus, our inquiry turns on whether the Waughs met this reciprocal burden.
We must note that the trial court's judgment entry concluded that Steven assumed the risk that water from the shower would fall to the floor and make it slippery. This conclusion is unsupported by Appellee's motion or the evidence. First, Appellee did not claim Steven assumed such risk. Appellee argued that the Waughs could not prove that Steven slipped on water. Therefore, they could not establish proximate cause. The trial court's judgment entry presupposes that Steven slipped on water. Second, assuming arguendo that Appellee's motion included an argument that Steven assumed such risk, Appellee failed to meet its initial burden on this issue under Civ.R. 56. Appellee pointed to nothing in the record to show that water from the shower fell to the floor. Thus, the trial court erred in granting summary judgment for Appellee on the basis that Steven assumed the risk of water falling on the floor and making it slippery. Dreshersupra, at 293.
Next we turn to Appellee's proximate cause argument. It is well settled in Ohio that the plaintiff in a slip and fall case must identify or explain the reason for the fall. See e.g., J. C.Penny Co. v. Robinson (1934) 128 Ohio St. 626; The ClevelandAthletic Assoc. Co. v. Bending (1934) 129 Ohio St. 152; Stamper v.Middletown Hosp. Assn. (1989), 65 Ohio App.3d 65. If the plaintiff cannot identify the cause of the fall personally or by outside witnesses, "* * * a finding of negligence on the part of the defendant is precluded." Stamper supra, at 68.
Appellee argues that Steven's inability to identify the cause of his fall precludes the Waughs from establishing proximate cause. However, Appellee ignores other evidence presented by the Waughs on this issue.
While it is true that Steven testified at his deposition that he did not know what caused the fall, the Waughs presented evidence in the form of affidavits stating that immediately after the fall water was observed around the toilet and that Steven stated he slipped in the water. This evidence is sufficient to meet the Waughs' burden under Civ.R. 56 to set forth specific facts demonstrating that there is a genuine issue for trial.
In Howington v. Hoerst (1986), 33 Ohio App.3d 320, the court held that:
 "* * * it is improper to grant summary judgment in the defendant's favor where, although plaintiff could not personally identify the reason for the fall, the plaintiff's daughter submitted an affidavit which described the defective condition * * *, how long that condition had existed, and the fact that [the plaintiff] fell when she reached the site of the defective condition."
Id. at Syllabus. Howington is dispositive of the case sub judice. The Waughs presented evidence showing that there was water on the floor and that the manager of the Knight's Inn stated that he was aware that the toilet was leaking. Thus, summary judgment is improper.
Finally, we turn to Appellee's argument that Steven's deposition testimony refutes the Waughs' contention that Steven suffered from memory loss. Steven testified at deposition as follows:
 "Q. Do you remember the facts of this accident pretty clearly?
"A. Oh, yes.
"Q. So that's in your mind?
"A. Yes."
(Waugh Depo. p. 31). However, Steven also testified that he suffered memory problems as a result of strokes. (Waugh Depo. p. 31). The reliability of a witness' testimony is a question for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus paragraph 1. Thus, an issue of material fact exists and the trial court erred in granting Appellee's motion for summary judgment.
For the foregoing reasons, we find that the assignment of error advanced by the Waughs is with merit. Accordingly, the trial court judgment is reversed and the matter remanded for proceedings consistent with this opinion.
Cox, P.J., concurs.
Donofrio, J., concurs.
APPROVED:
 ______________________ CHERYL L. WAITE, JUDGE