JUDGMENT ENTRY
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiffs-appellants brought negligence and loss-of-consortium claims against the defendants-appellees. Audrey Makris claimed that the defendants-appellees failed to follow through on a contractual duty to maintain and keep a common area of a shopping plaza free of ice, snow, and water, which, in turn, proximately caused her injuries when she slipped and fell on December 13, 1995. George Makris's claim of loss of consortium arose out of the injuries to Audrey Makris, his wife. The defendants-appellees filed a motion for summary judgment, which was granted by the trial court.
Plaintiffs-appellants appeal to this court, claiming in a single assignment of error that the trial court erred when it granted summary judgment to the defendants-appellees. We disagree.
A court may grant summary judgment only when the moving party demonstrates that the record is devoid of genuine issues of material fact, and that reasonable minds can come to but one conclusion, which is adverse to the nonmoving party. See Civ.R. 56(B); see, e.g., Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801; Dresher v.Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 274. Where there are no disputed factual issues, summary judgment is properly granted to avoid a formal trial; however, the trial court may grant summary judgment only after construing the evidence in favor of the nonmoving party. See Norris v. OhioStd. Oil Co. (1982), 70 Ohio St.2d 1, 2, 433 N.E.2d 615,616; Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327, 364 N.E.2d 267, 274. An appellate court reviews the record de novo to determine whether the party moving for summary judgment has met its burden. See Id.; Willev. Hunkar Laboratories, Inc. (Dec. 31, 1998), Hamilton App. No. C-971107, unreported, 1998 WL 906415, discretionary appeal not allowed Wille v. Hunkar Laboratories, Inc (1999),85 Ohio St.3d 1480, 709 N.E.2d 851.
In a negligence case arising out of a slip-and-fall injury, it is axiomatic that the plaintiff must provide evidence of the object alleged to have precipitated the fall, how the object came to its alleged location, and how long the object had been in the location. See Edwards v. PNA, Inc. (Dec. 9, 1998), Hamilton App. No. C-980190, unreported; see, also, ClevelandAthletic Assn. Co. v. Bending (1934), 129 Ohio St. 152,194 N.E. 6. The record demonstrates that Audrey Makris could not, with certainty, state on what it was that she slipped. Although her deposition testimony revealed that there was a possibility that she slipped and fell on a slick surface, her testimony failed to identify the object that caused her to fall. Without the identity of the object that caused Audrey Makris to fall, there can be no dispute that the causation element of the tort of negligence was not proven. Therefore, we hold that reasonable minds could only conclude that there was no negligent act or omission on the part of the defendants-appellees that proximately caused Audrey Makris's injuries.
The assignment of error raised by the plaintiffs-appellants is overruled. Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
SUNDERMANN, P.J., WINKLER and SHANNON, JJ.
RAYMOND E. SHANNON, retired, of the First Appellate District, sitting by assignment.