OPINION
{¶ 1} At approximately 4:00 p.m. on March 8, 1998, appellant Hilde Hildebrandt enter appellee the Kroger Company's store in Health, Ohio, to fill some prescriptions. While waiting for her prescriptions, appellant decided to walk around the store. She walked down an aisle stocked with beer and wine on one side, and soda on the other side. Appellant decided to purchase a specific bottle of wine, but was unable to reach the bottle. Appellant walked down the aisle, located a store employee to help her, and proceeded back up the aisle. While walking, appellant looked over her shoulder to see if the employee was following her, and she slipped and fell.
{¶ 2} In her deposition, appellant testified that upon entering the store, she noticed that the floor appeared "nice and shiny," as if it had just been cleaned. However, she noticed nothing, such as a mop, bucket, or moisture, which would indicate that the floor had just been cleaned. With regard to the fall itself, appellant testified that she thought it was very slippery. However, upon entering the store before she fell, she did not find the floor to be slippery. She did not notice anything by way of a foreign substance on the floor in the aisle where she fell. She testified that it could have been water, because it was wet outside, and someone could have brought water in on their feet. She further testified that she slipped on something, and both feet slipped out from under her. Other than the floor seeming slippery, she had no explanation as to what caused the fall.
{¶ 3} Appellant filed the instant action in the Licking County Common Pleas Court. Appellee moved for summary judgment. The court granted the motion, finding no evidence of the breach of the duty of ordinary care owed by appellee. Appellant assigns a single error on appeal of the grant of summary judgment:
ASSIGNMENT OF ERROR
 {¶ 4} THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF-APPELLANT, A PATRON WHO SLIPPED AND FELL IN DEFENDANT-APPELLEE'S STORE, AS THERE WERE GENUINE ISSUES AS TO MATERIAL FACTS AND THE MOVING PARTY WAS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW.
{¶ 5} Summary judgment shall be rendered if the evidence shows that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Civ.R. 56 (C). Summary judgment shall not be rendered unless it appears from the evidence that reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against who the motion is made, said party being entitled to have the evidence construed most strongly in his favor. Id. We consider summary judgment on the same standard and evidence as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36.
{¶ 6} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion, and identifying the portions of the record that demonstrate the absence of a genuine issue of material fact. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, 1997-Ohio-259. The moving party must specifically point to some evidence which demonstrates that the non-moving party cannot support its claim. Id. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating that there is a genuine issue of material fact for trial. Id.
{¶ 7} A shopkeeper owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so as not to unreasonably expose its customers to danger. Paschal v. Rite AidPharmacy, Inc. (1985), 18 Ohio St.3d 203. However, a business owner is not an insurer of the customer's safety. Id. A long standing rule of law in Ohio requires that a plaintiff in a premises liability action be able to identify or explain the reason for the fall. Spognardi v. ScoresOf Mansfield, Inc. (December 29, 1999), Richland Appellate No. 1999CA56, citing Cleveland Athletic Association v. Bending (1934), 129 Ohio St. 152.
{¶ 8} In Spognardi, the plaintiff was attending a dance at Scores Nightclub. Scores provided a DJ and a fog machine for the dance floor. As the plaintiff attempted to walk down a set of stairs near the dance floor, he lost his footing and fell, resulting in injury to his ankle. In his deposition, he testified that he did not know what caused him to fall. He said that when his foot hit the step, it went out from under him. He testified that he did not know if it was water or moisture, because he could not see where he was walking. We affirmed the trial court's grant of summary judgment, finding that while the fog machine may have hampered the plaintiff's ability to sense any obstacles in the stairs, the plaintiff did not satisfy his burden of demonstrating whether the hazard was a creation of the defendant, or caused by the act of another. Id. We concluded that we could not presume that whenever there is a wet spot on the floor of a restaurant, it was caused by the owner or occupier. Id.
{¶ 9} In the instant case, appellant argues that her testimony that the floor looked "clean and shiny" is sufficient to create a dispute of material fact. Her conclusion that the floor was "shiny and clean" does not in and of itself create a disputed material fact as to breach of duty. In the absence of an indication that the floor had recently been mopped and there was nothing to warn her that the floor was wet, the mere allegation that the floor looked like it had recently been cleaned does not demonstrate that appellee breached any duty to her, but rather makes it appear that the store was well-maintained.
{¶ 10} Appellant also testified that the floor felt slippery when she fell. She testified that she did not notice that other parts of the floor in the store were slippery, and had not slipped in other portions of the store. Her conclusion that the floor was slippery was not legally sufficient to constitute evidence of a breach of duty without some evidence that the store did something to make the floor slippery, or knew of a dangerous condition and failed to warn. Standing alone, an allegation of slipperiness is insufficient to demonstrate a breach, as people slip for a variety of reasons, not all of which are attributable to the owner or occupier of the premises.
{¶ 11} Finally, appellant alleged that the floor may have been wet, as it was raining outside. Again, she did not present any evidence the floor was in fact wet, or that appellee breached a duty of ordinary care concerning wetness of the floor.
{¶ 12} As noted by the trial court, appellant essentially asserts that because she thinks the floor was slippery or possibly wet, appellee is automatically liable, or at least there is a disputed issue of material fact for trial. However, appellant failed to meet her burden to point to some evidence in the record demonstrating a genuine issue of material fact with regard to the cause of her fall, which was related to appellee's conduct. Even assuming that the floor was slippery and that appellant slipped on something in the store, she failed to identify any action by appellee which caused the condition, or any action which would have precluded her fall.
{¶ 13} The assignment of error is overruled.
{¶ 14} The judgment of the Licking County Common Pleas Court is affirmed.
By GWIN, P.J., FARMER, J., and BOGGINS, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Licking County Common Pleas Court is affirmed. Costs to appellant.