OPINION
{¶ 1} This is an accelerated calendar case, submitted to this court on the record and the briefs of the parties. Appellants, Barbara A. Knapik and Thaddeus M. Knapik ("the Knapiks"), appeal the judgment entered by the Ashtabula County Court of Common Pleas. The trial court entered summary judgment in favor of appellees, Bernadette C. Armstrong and Robert J. Armstrong, Jr. ("the Armstrongs").
 {¶ 2} In August 1999, the Armstrongs purchased a home in Saybrook Township. They lived in the house with their children. It was a two-story residence, with a stairway leading upstairs from the living room. The stairs were not carpeted, there was no handrail, and the stairs were open on the right-hand side.
 {¶ 3} Barbara Knapik is the mother of Bernadette Armstrong. She visited the Armstrongs at their new house about once a week from August 1999 through December 2000. In addition, she spent the night at their house on several occasions. On December 2, 2000, Barbara Knapik spent the night at the Armstrongs' residence to help out with their new baby. The next morning, she fell down the stairs and sustained injuries to her arm and shoulder. At the time of the fall, the stairway was lit, there were no objects on the stairway, and Barbara Knapik had nothing in her hands.
 {¶ 4} The Knapiks filed the instant action against the Armstrongs, alleging the Armstrongs negligently maintained the stairway. Both parties filed motions for summary judgment. The trial court granted the Armstrongs' motion for summary judgment, finding that the defect was open and obvious.
 {¶ 5} The Knapiks raise the following assignment of error:
 {¶ 6} "The lower court erred to the complete prejudice of the Appellant/Plaintiffs in granting the Appellee/Defendants' motion for summary judgment."
 {¶ 7} Pursuant to Civ. R. 56(C), summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[1] In addition, it must appear from the evidence and stipulations that reasonable minds can come to only one conclusion, which is adverse to the non-moving party.[2] The standard of review for the granting of a motion for summary judgment is de novo.[3]
 {¶ 8} In their complaint, the Knapiks claimed the Armstrongs were negligent in maintaining the stairway. "It is fundamental that in order to establish a cause of action for negligence, the plaintiff must show (1) the existence of a duty, (2) a breach of duty, and (3) an injury proximately resulting therefrom."[4]
 {¶ 9} The trial court found that the condition of the stairway was open and obvious. "The open-and-obvious doctrine remains viable in Ohio. Where a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises."[5]
 {¶ 10} Generally, a landowner has a duty to warn invitees of latent or hidden dangers.[6] "When applicable, however, the open-and-obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims."[7]
 {¶ 11} In this matter, there is no question that Barbara Knapik was an invitee in the Armstrongs' home. The next inquiry is whether the condition of the stairway was open and obvious.
 {¶ 12} The following colloquy is taken from Barbara Knapik's deposition:
 {¶ 13} "Q. Okay. And in that same time frame, August of 1999, through December 3, of 2000, did you ever receive any warnings from either Bernadette Armstrong or Robert Armstrong regarding the steps leading to the second floor?
 {¶ 14} "A. I don't recall any, no.
 {¶ 15} "Q. Okay. Mrs. Armstrong would not have said anything to you about the lack of handrail or the openness into the foyer?
 {¶ 16} "A. No, because you could see it. I mean, it was obvious."
 {¶ 17} Essentially, Barbara Knapik stated that the condition of the stairway was open and obvious. In addition, she stated that she had been to the Armstrongs' house on a weekly basis for almost a year-and-a-half. During these visits, she had traversed the stairway. She was aware that some of the Armstrongs' children had fallen down the stairs. Taken together, there was uncontradicted evidence that the condition of the stairway was open and obvious and that Barbara Knapik was aware of that condition.
 {¶ 18} In addition, the trial court found that Barbara Knapik was unable to identify the cause of her fall. In a negligence action such as this, the plaintiff must identify the cause of the fall.[8] Failure to do so precludes a finding of negligence on behalf of the defendant.[9]
This is because the plaintiff is unable to show her injury was proximately caused by a breach of the defendant.[10] In her deposition, Barbara Knapik stated "[t]o be honest with you, I don't know [why I fell down the stairs]. I was walking down the stairs, * * * and I just fell." The Knapiks failed to provide any other evidence regarding the cause of the fall. As such, they failed to show that the fall was proximately caused by a breach of the Armstrongs.
 {¶ 19} Since the condition of the stairway was open and obvious and the proximate cause of the fall was not established, the Knapiks' negligence claim was barred.[11]
 {¶ 20} There remained no genuine issues of material fact, and the Armstrongs were entitled to judgment as a matter of law. Thus, the trial court did not err by entering summary judgment in favor of the Armstrongs.
 {¶ 21} The Knapiks' assignment of error is without merit.
 {¶ 22} The judgment of the trial court is affirmed.
Christley, J., Grendell, J., concur.
[1] Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
[2] Civ. R. 56(C).
[3] Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105.
[4] Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79, 2003-Ohio-2573, at ¶ 8, citing Menifee v. Ohio Welding Prod., Inc. (1984),15 Ohio St.3d 75, 77.
[5] Id. at syllabus, following Sidle v. Humphrey (1968),13 Ohio St.2d 45.
[6] Blankenship v. CRT Tree, 8th Dist. No. 80907, 2002-Ohio-5354, at ¶ 51, citing Patete v. Benko (1986), 29 Ohio App.3d 325.
[7] Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79, 2003-Ohio-2573, at ¶ 5.
[8] Spatar v. Avon Oaks Ballroom, 11th Dist. No. 2001-T-0059, 2002-Ohio-2443, at ¶ 50, citing Stamper v. Middletown Hosp. Assn.
(1989), 65 Ohio App.3d 65, 67-68, citing Cleveland Athletic Assn.Co. v. Bending (1934), 129 Ohio St. 152.
[9] Id.
[10] Stamper v. Middletown Hosp. Assn., 65 Ohio App.3d at 68, citing Cleveland Athletic Assn. Co. v. Bending, supra.
[11] See Armstrong v. Best Buy Co., Inc., at ¶ 5; and Spatar v. AvonOaks Ballroom, at ¶ 50.