OPINION
{¶ 1} This is an appeal of the granting of summary judgment by the Court of Common Pleas of Delaware County.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The facts indicate that Appellant attended a birthday party at a facility owned by Appellee, which Appellant had not visited previous to the date in question, March 23, 2002.
 {¶ 3} A ramp exists in the vicinity of the commencement of the sidewalk at the edge of the parking area.
 {¶ 4} Upon leaving the event in the late evening on such date, Appellant fell somewhere at the confluence of the ramp, sidewalk and curb, suffering a fracture requiring hospitalization and several successive surgeries. Substantial medical bills and loss of work also resulted.
 {¶ 5} Appellant provided an affidavit as to the slope and other factors concerning construction of the ramp and the dangers thereof.
 {¶ 6} Appellant raises the following Assignment of Error:
 ASSIGNMENT OF ERROR {¶ 7} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS THERE WAS A GENUINE ISSUE OF MATERIAL FACT AND DEFENDANT WAS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW."
 {¶ 8} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36. Civ.R. 56(C) states, in pertinent part:
 {¶ 9} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 10} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997),77 Ohio St.3d 421, 429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280.
 {¶ 11} It is based upon this standard we review appellant=s assignment of error.
 I. {¶ 12} In reviewing the Assignment of Error and briefs in support and contra thereto, we find that considerable emphasis has been placed on the height of deviation of the ramp in the area of Appellant's fall.
 {¶ 13} As Judge Whitney has correctly noted, Appellant's expert, Carl Meglan, found such differential between the ramp and sidewalk to be between one-half and one inch.
 {¶ 14} The Ohio Supreme Court has long held that a duty of ordinary care is owed to a business invitee, such as Appellant, and this encompasses the obligation to provide premises which are reasonably safe so that such users are not exposed to unreasonable danger. Paschal v.Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203.
 {¶ 15} In addition, the court has held:
 {¶ 16} "Owners or occupiers of private premises are not insurers of safety of pedestrians traversing upon those premises, and minor or trivial imperfections therein, which are not unreasonably dangerous and are commonly encountered and to be expected as matter of law do not create liability on part of owners or occupiers toward pedestrian who, on account of such minor imperfection, falls and is injured; Smith,Admr., v. United Properties, Inc., and Schilliger v. Graceland ShoppersMart, Inc., 2 Ohio St.2d 310, overruled." Helms v. American Legion,Inc. (1966), 5 Ohio St.2d 60.
 {¶ 17} Along this line of reasoning, the "two-inch rule" has arisen in defining minor imperfections in the walking surface, which would not form a predicate for liability.
 {¶ 18} Over the years, there has been much discussion with dissenting opinions as to this rule. Many of these cases dealt with the liability of municipal corporations as to sidewalk defects and the court has been concerned with the burden placed upon cities in this regard.
 {¶ 19} Appellant correctly points out that this rule is not black letter law to the extent that it must mandatorily be applied in all cases.
 {¶ 20} As the Ohio Supreme Court has stated in Cash v. Cincinnati
(1981), 66 Ohio St.2d 319:
 {¶ 21} "In pedestrian's action to recover for injuries sustained in fall on crosswalk, issue whether 12 to 14-inch wide, one and one-half-inch deep, excavation extending into width of crosswalk in heavily pedestrian-traveled downtown section of city was so substantial that the effect rendered crosswalk unsafe for travel in the usual and ordinary mode was for jury; all attendant circumstances had to be considered in determining whether the crosswalk was reasonably safe for use by pedestrians. R.C. § 723.01."
 {¶ 22} The discussion by both parties as to the application or lack thereof to the facts of the case sub judice of the two-inch rule and attendant circumstances, if any, are somewhat misplaced, however, as such factors ultimately rest on the cause of the fall and whether such cause resulted from a negligent violation of the duty owed to Appellant.
 {¶ 23} The deposition testimony of Appellant, Page 38, is:
 {¶ 24} "Q. Did you — can you describe how you fell?
 {¶ 25} "A. It happened so fast. I just know I was walking, and the next thing I know I'm sitting on the ground. I don't really — I mean, it happened really fast.
 {¶ 26} "Q. And your children did not fall?
 {¶ 27} "A. No.
 {¶ 28} "Q. Okay. And they were — were they directly in front of you as you were walking?
 {¶ 29} "A. I can't remember exactly where they were. In front of me, you know, diagonally. I don't know.
 {¶ 30} "Q. Okay. Do you remember tripping?
 {¶ 31} "A. No. I don't remember tripping.
 {¶ 32} "Q. Okay. You just — all of a sudden you were on the ground?
 {¶ 33} "A. Yes."
 {¶ 34} In addition, on page 55 of Appellant's deposition, she states:
 {¶ 35} "Q. Now, were you on the ramp when you fell?
 {¶ 36} "A. No. I was on the sidewalk.
 {¶ 37} "Q. Okay. So, did the ramp have anything to do with your fall?
 {¶ 38} "A. I can't specifically say."
 {¶ 39} As this Court stated in Spagnardi v. Scores of Mansfield,Inc. (Dec. 29, 1999), Richland County App. No. 99CA56.
 {¶ 40} "A long-standing rule of law in Ohio demands that a plaintiff in a premises liability action be able to identify or explain the reason for the fall. Cleveland Athletic Association Co. v. Bending (1934), 129 Ohio St. 152, 194 N.E. 6. See also, Wafner v. Equitable LifeAssurance (Sept. 4, 1997). Franklin App. No. 97APE05-609, unreported."
 {¶ 41} The ultimate result is that notwithstanding the application of the mathematical two-inch rule as to whether a trivial defect existed or finding sufficient attendant circumstances, Appellant, has, as the Court found, failed to identify or explain the reason for the fall.
 {¶ 42} We therefore reject the Assignment of Error and affirm the judgment of the trial court.
Boggins, J. Hoffman, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed to appellant.