[Cite as *Fitzpatrick v. R & L Carriers, Inc.*, 2013-Ohio-3368.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| SHAWNA M. FITZPATRICK | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 12-COA-046 |
| R&L CARRIERS, INC. | : |  |
|  | : |  |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil appeal from the Ashland County Court of Common Pleas, Case No. 11-CIV-415

JUDGMENT:     Reversed and Remanded

DATE OF JUDGMENT ENTRY:     July 31, 2013

APPEARANCES:

For Plaintiff-Appellant

MARK ADAMS
1110 Beecher Crossing N., Ste. D
Columbus, OH 43230-4564

For Defendant-Appellee

JOSEPH PAPPALARDO
JAMIE PRICE
JEFFREY STUPP
Sixth Floor, Bulkley Building
1501 Euclid Avenue
Cleveland, OH 44115

*Gwin, P.J.*

{¶1} Appellant appeals the November 21, 2012 judgment entry of the Ashland County Common Pleas Court granting summary judgment to appellee.

*Facts & Procedural History*

{¶2} On September 12, 2007, appellant Shawna Fitzpatrick was working at Pentair Water facility in Ashland, Ohio. Appellant would load and unload trucks using mechanical forklifts or tow motors to move pallets with pumps on them. The warehouse contained a dock plate to connect the trailers that would come into the warehouse to the dock. The plate attached to each trailer itself is called a deck plate and each deck plate is fastened directly to the floor of the trailer. Appellant was operating a stand-up tow motor to move and unload products into a trailer of appellee, R&L Carriers, Inc. It was Pentair's policy that employees are not to use this type of tow motor when loading product onto a trailer, but appellant utilized this particular tow motor on September 12, 2007 because none of the tow motors acceptable for loading the product were available.

{¶3} On September 12, 2007, when appellant entered appellee's trailer to load a pump, she moved the tow motor into the trailer and deposited the pump near the front of the trailer. When she backed the stand-up tow motor out of the trailer, appellant states that as the tow motor traveled over the deck plate in appellee's trailer, a part of it caught on the edge of the deck plate which caused the tow motor to suddenly stop, throwing appellant to the ground and causing injuries to her left shoulder, hip, elbow, and back. There were no employees of appellee at the scene of the accident. Appellant did not inspect the trailer before she entered the trailer and appellant's

mother, also a Pentair employee, entered and exited the same trailer several times without incident and did not notice any problem with the trailer.

{¶4} Appellant's supervisor, Robert Flowers ("Flowers") investigated the accident. Flowers did not see the accident, but inspected the trailer immediately after the accident occurred and, when he inspected the trailer, the tow motor had not yet been moved. Flowers noticed part of the tow motor had caught on the deck plate of the trailer and the deck plate was bent. Flowers also noticed that several screws that would normally hold the deck plate to the floor of the trailer were missing. He did not observe the screws lying loose anywhere on the floor of the trailer. Flowers confirmed that appellant was using the stand-up tow motor because the other forklifts were in use. Flowers completed an accident investigation report and determined that the following unsafe conditions were responsible for the accident: loading with reach truck, short on sit-down lift trucks, and screws missing from steel plate.

{¶5} Kevin Kelley, an employee of appellee who repaired and replaced deck plates, stated a deck plate that was missing screws would be loose and could create a flap. Kelley fixed the trailer at issue after the incident and when he replaced the deck plate, he requested fourteen (14) new screws, although he stated he sometimes uses old screws to repair deck plates. Kelley confirmed it is appellee's policy that anytime a repair that requires a trailer to be brought into the shop, the interior trailer should also be inspected. The repair record for the trailer at issue in this case demonstrates that it was in the repair shop on September 10, 2007 for repairs and/or replacement of the tires, mud flaps, and brakes.

**{¶6}** On November 28, 2011, appellant filed a complaint against appellee, alleging appellee: negligently provided appellant's employer with a defective trailer; appellee negligently failed to inspect, maintain, and repair its trailer and provide it in a safe state of repair; appellee negligently failed to maintain its trailer in a condition safe for individuals, including appellant, who would have to travel into and out of the trailer on the equipment in order to load the trailer; and appellee negligently failed to use reasonable care with respect to the trailer it provided to appellant's employer. Appellee filed a motion for summary judgment on September 10, 2012. On November 21, 2012, the trial court granted appellee's motion for summary judgment, finding appellant failed to establish the deck plate was actually defective before or at the time of the accident and that appellant failed in showing that negligence on the part of appellee proximately caused the tow motor to abruptly stop, resulting in her being thrown to the floor of the loading dock. Appellant assigns the following errors on appeal:

**{¶7}** "I. IN THIS PERSONAL INJURY CASE, THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT BECAUSE THE TRIAL COURT FAILED TO CONSTRUE THE FACTS, AND INFERENCES THEREFROM, IN FAVOR OF PLAINTIFF-APPELLANT, THE NON-MOVING PARTY, AND WHERE THERE WERE DISPUTED FACTS REGARDING THE LIABILITY OF DEFENDANT-APPELLEE WITH RESPECT TO THE DEFECTIVE DECK PLATE THAT CAUSED PLAINTIFF-APPELLANT'S ACCIDENT AND INJURIES.

**{¶8}** "II. IN THIS PERSONAL INJURY CASE, THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO DEFENDANT-APPELLEE WHERE THE TRIAL COURT FAILED TO APPLY THE CORRECT STANDARD OF REVIEW TO

THE FACTS, AND INFERENCES THEREFROM, RELATING TO THE LIABILITY OF DEFENDANT-APPELLEE WITH RESPECT TO THE ACCIDENT BUT CHOSE INSTEAD TO IMPROPERLY WEIGH THE EVIDENCE REGARDING PLAINTIFF-APPELLANT'S CLAIM OF NEGLIGENCE AGAINST DEFENDANT-APPELLEE."

*Summary Judgment*

**{¶9}** Civ. R. 56 states in pertinent part:

"Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

**{¶10}** A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the

undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning-Ferris Inds. of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist. 1999).

{¶11} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243.

{¶12} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim. *Drescher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996). Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist. *Id.* The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine dispute over material facts. *Henkle v. Henkle*, 75 Ohio App.3d 732, 600 N.E.2d 791 (12th Dist. 1991).

I. & II.

**{¶13}** Appellant, in her two assignments of error, argues the trial court erred in granting summary judgment in favor of appellee. We agree.

**{¶14}** In order to establish actionable negligence, a plaintiff must prove (1) the defendant owed him a duty of care; (2) the defendant breached that duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury. *Menifee v. Ohio Welding Products, Inc.*, 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984).

*Cause of the Accident*

**{¶15}** Appellee argues the trial court properly granted summary judgment because appellant failed to establish the deck plate was actually defective and because the deck plate was not the proximate cause of appellant's injury. Appellant argues there are genuine issues of material fact regarding whether the deck plate was defective and the proximate cause of her injury. We agree with appellant.

**{¶16}** A plaintiff in a premises liability action must be able to identify or explain the reason for the accident. *Hildebrandt v. Kroger Co.*, 5th Dist. No. 01-CA-114, 2002-Ohio-2544 at ¶ 7, citing *Cleveland Athletic Assn. v. Bending*, 129 Ohio St. 152, 194 N.E. 6 (1934). Speculation or conjecture by the plaintiff as to the culpable party who caused the accident and what caused the accident is not sufficient, as a matter of law, since the issue of proximate cause is not open to speculation. *Scott v. Kings Island Co.*, 12 Dist. No. CA-98-04-044, 1999 WL 7458, 6-7 (Feb. 6, 1999); *Denton v. Cracker Barrel Old Country Store Inc.*, 10th Dist. No. 02-AP-1211, 2003-Ohio-2890, ¶ 22.

**{¶17}** A plaintiff must "show how and why any injury occurred so as to develop facts from which it can be determined by a jury that the defendant failed to exercise due care and that such failure was a proximate cause of the injury." *Adkins v. Chief Supermarket*, 3d Dist. No. 11-06-07, 2007-Ohio-772 at ¶ 9. If an injury is the natural and probable consequence of the alleged negligent act, then that act is the proximate cause of the injury. *Sutowski v. Eli Lilly & Co.*, 82 Ohio St.3d 347, 351 (1998). To find that an injury was the natural and probable cause of an alleged negligent act, it must appear that the injury complained of could have been foreseen or reasonably anticipated from the act. *Strother v. Hutchinson*, 67 Ohio St.2d 282, 287 (1981). Further, "there may be more than one proximate cause of an injury." *Taylor v. Webster*, 12 Ohio St.2d 53, 57 (1967).

**{¶18}** Appellee is correct in stating that appellant did not see the allegedly defective deck plate prior to her accident and that appellant's mother traversed the deck plate multiple times without issue. However, immediately after the accident and before the tow motor was moved, Flowers inspected the accident scene including the inside of the trailer, saw the tow motor caught on the deck plate, observed the bent deck plate, and saw there were screws missing from the deck plate that were not found in the interior of the trailer. In his affidavit, Flowers stated "as a result of my inspection I concluded that [appellant's] stand up tow motor, also known as a reach truck, struck the deck plate, which resulted in her injuries." In his investigation report, Flowers listed both loading with the reach truck and screws missing from the steel plate as conditions responsible for the accident. Accordingly, appellant has put forth at least some evidence that the deck plate was defective and caused her tow motor to abruptly stop. Kelley, an

employee of appellee, stated in his deposition that a deck plate missing screws could come loose and create a flap. Further, that he observes damaged deck plates on a weekly basis and has seen damaged and loose deck plates missing screws due to heavy equipment being run over the deck plate.

{¶19} Construing the allegations most favorably toward the non-moving party, we find that material facts are genuinely disputed and reasonable minds could draw different conclusions from the undisputed facts. Appellant put forth sufficient evidence to overcome summary judgment and permit the trier of fact to determine whether the deck plate was actually defective and whether it proximately caused the accident.

*Knowledge*

{¶20} Appellee argues summary judgment was appropriate because appellant failed to put forth any evidence that appellee had actual knowledge of the hazard or that such danger existed for a sufficient length of time to reasonably justify the inference that the failure to remove it was lack of ordinary care. We disagree.

{¶21} An invitee is defined as a person who rightfully enters and remains on the premises of another at the express or implied invitation of the owner and for a purpose beneficial to the owners. *Gladon v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 312, 315, 1996-Ohio-137, 662 N.E.2d 287. A premises owner owes invitees a duty of ordinary care to maintain the premises in a reasonably safe condition so that the invitee is not unnecessarily and unreasonably exposed to danger. *Paschal v. Rite Aid Pharmacy*, *Inc.*, 18 Ohio St.3d 203, 480 N.E.ed 474 (1985). The mere occurrence of an injury to an invitee does not give rise to the presumption or an inference of negligence. *Parras v. Standard Oil Co.*, 160 Ohio St. 315, 116 N.E.2d 300 (1953), paragraph one of

syllabus. However, an owner is liable "to an invitee for injuries caused by a latent defect when the owner knows, or in the exercise of ordinary care should have known, about the hazard for a time sufficient to correct the defect." *Tarkany v. Bd. of Trustees of Ohio State Univ.*, 10th Dist. No. 90AP-1398, 1991 WL 101593 (June 4, 1991).

**{¶22}** Further, an "owner must conduct inspections of the premises to discover possible dangerous conditions of which he is unaware." *Beck v. Camden Place at Tuttle Crossing*, 10th Dist. No. 02AP-1370, 2004 WL 1277044 at ¶ 21 (June 10, 2004). An owner must also "conduct inspections of the premises to discover possible dangerous conditions of which he is unaware." *Id.* An owner is "charged with constructive knowledge of defects which would have been revealed by a reasonable inspection of the premises." *Id.* Whether something is reasonable under the circumstances is ordinarily a question for the trier of fact." *Tarkany*, 10th Dist. No. 90AP-1398.

**{¶23}** In this case, the evidence demonstrates that the trailer at issue was in the repair shop on September 10, 2007 for repairs and/or replacement of the tires, mud flaps, and brakes. Thus, appellee had the trailer in its possession for repair two (2) days prior to the accident. Kelley stated the interior of the trailer should have been inspected at the time of the repair by appellee because if there is something wrong with the trailer and it is brought into the repair shop, the repairman would overlook the whole trailer. However, the service records from the repair date do not indicate that such interior inspection took place. Further, Flowers stated when he reviewed the scene immediately after the accident, prior to the tow motor being moved, he did not see the screws missing from the deck plate anywhere inside the trailer. Kelley testified that if a

screw comes out of its hole in the deck plate, the plate could come loose and create a flap.

**{¶24}** Construing the evidence most favorably towards appellant, we find a reasonable trier of fact could conclude there was a latent defect that appellee should have known about and/or reasonable minds could conclude a reasonable inspection by appellee would have revealed the defect and appellee could be charged with constructive knowledge of the missing screws in the deck plate.

*Trivial Imperfection*

**{¶25}** Appellee argues summary judgment was appropriate because the Supreme Court has held that an owner of private premises is not liable for injuries sustained as a result of a person tripping and falling on a minor or trivial imperfection and, in this case, the alleged defect is trivial, as Kelley testified the deck plate is approximately 1/8" thick. Appellee cites to *Kimbell v. City of Cincinnati*, 160 Ohio St. 370 (1953), in which the Supreme Court held that a height variation in pavement levels of one-half to three-fourths of an inch is a slight defect as a matter of law that precludes a finding of negligence. *Id.* The Supreme Court held that owners are not liable for injuries due to minor or trivial imperfections that were not unreasonably dangerous and are commonly encountered and to be expected. *Id.*

**{¶26}** Unlike the cases cited by appellee in support of its argument, the case at issue is not a trip and fall case in which appellant tripped and fell over a trivial imperfection in a sidewalk or pavement that is commonly encountered and to be expected. Rather, in this case, appellee provided commercial trailers to business customers. Appellant was driving a heavy tow motor over the trailer and there is no

indication from the record that it is commonly expected that there are screws missing from deck plates. While Kelley stated a deck plate is approximately 1/8" inch thick, he also testified a deck plate that was missing screws would be loose and could create a flap. Flowers testified that, after the accident, the deck plate was bent up and there were screws missing from the deck plate. Accordingly, we do not find the alleged defect trivial as a matter of law pursuant to the *Kimball* line of cases.

{¶27} Based on the foregoing, we find that genuine issues of material facts exist and thus the trial court erred in granting summary judgment to appellee. Appellant's Assignments of Error I and II are sustained. The November 21, 2012 judgment entry of the Ashland County Common Pleas Court is reversed and the matter is remanded to trial court for further proceedings in accordance with the law and this opinion.

By Gwin, P.J.,

Farmer, J., and

Wise, J., concur

_____
HON. W. SCOTT GWIN


_____
HON. SHEILA G. FARMER


_____
HON. JOHN W. WISE


WSG:clw 0717

[Cite as *Fitzpatrick v. R & L Carriers, Inc.*, 2013-Ohio-3368.]

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| SHAWNA M. FITZPATRICK | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| R&L CARRIERS, INC. | : | |
| | : | |
| Defendant-Appellee | : | CASE NO. 12-COA-046 |

For the reasons stated in our accompanying Memorandum-Opinion, the November 21, 2012 judgment entry of the Ashland County Common Pleas Court is reversed and the matter is remanded to trial court for further proceedings in accordance with the law and this opinion.  Costs to appellee.

_____
HON. W. SCOTT GWIN


_____
HON. SHEILA G. FARMER


_____
HON. JOHN W. WISE